IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 27 2015

JEFFREY P. COLWELL
CLERK

| | |
|---|---|
| THE PRIVATEBANK AND TRUST COMPANY, as Administrative Agent, <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL STORAGE SOLUTIONS, LLC (F/K/A/ BELL VENTURES, LLC), ALL STATE TANK MANUFACTURING, L.L.C., USA TANK SALES & ERECTION COMPANY INC., M & W TANK CONSTRUCTION CO., C&C TANK ERECTORS LLC, TOTAL TANKS, LLC, and TANK HOLDINGS, INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:15-CV-01600 <br><br> Honorable Sara L. Ellis |

**ORDER (A) AUTHORIZING SALE OF SUBSTANTIALLY ALL OF CERTAIN OF THE RECEIVERSHIP ENTITIES' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) APPROVING SALE PROCEDURES AND MANNER OF NOTICE; (C) SCHEDULING A HEARING TO CONSIDER FINAL APPROVAL OF SALES AND RELATED MATTERS; AND (D) GRANTING RELATED RELIEF**

This matter, coming before the Court on the Motion of Tank Operations, LLC (the "Receiver"), not in its corporate capacity, but solely as court appointed receiver in this action for Global Storage Solutions, LLC ("Global Storage"), All State Tank Manufacturing, L.L.C. ("All State"), USA Tank Sales and Erection Company, Inc. ("USA Tank"), M & W Tank Construction Co. ("M & W"), Total Tanks, LLC ("Total Tanks"), C&C Tank Erectors LLC ("C&C"), and Tank Holdings, Inc. ("Tank Holdings", and collectively, the "Receivership Entities", "Borrowers" or "Defendants") For Entry of an Order (A) Authorizing Sale of Substantially All of Certain of the Receivership Entities' Assets Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Approving Sale Procedures and Manner of Notice; (C)

1

Scheduling a Hearing to Consider Final Approval of Sales and Related Matters; and (D) Granting Related Relief, filed by the Receiver on April 10, 2015 (the "Motion"):

**THE COURT HEREBY ORDERS AS FOLLOWS:**

1. Proper and adequate notice of the hearing on the Motion was given to all interested parties who could possibly assert a lien (including any security interest), claim, right, interest or encumbrance of record against all or any portion of the Purchased Assets[1] or against all or any portion of the Real Estate, including Eagle Fund II, L.P.

2. The Receiver is hereby authorized to sell the Real Estate through a private sale, free and clear of all liens, claims, encumbrances and interests, pursuant to the sale process described in the Motion, to the Proposed Purchaser.

3. The requirement of 28 U.S.C. Section 2001(b) that the Receiver obtain three independent appraisals of the Goodman Property and of the Grove Property is hereby waived; instead the Receiver shall only be required to obtain two independent appraisals of each of the Goodman Property and the Grove Property.

4. The Receiver is hereby authorized to allow the Personal Property to be foreclosed upon and sold by the Lender through a private UCC sale, free and clear of all liens, claims, encumbrances and interests, pursuant to the sale process described in the Motion, to the Proposed Purchaser.

5. The sale process described in the Motion, including the proposed notice dates and periods, the form of notice, and the proposed Notice Parties is approved, but amended as follows:

   a. The Receiver shall file its Sales Confirmation Motion by **April 24, 2015**.

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

b. The Receiver shall serve its Sales Confirmation Motion on **April 24, 2015**, by overnight delivery, to the Notice Parties. The Receiver shall not be required to serve the entire Sales Confirmation on the Notice Parties, but may instead serve a notice (the "Sale Process Notice") stating that the Sales Confirmation Motion has been filed, directing the Notice Parties to an electronic link on the webpage of the counsel to the Receiver where a copy of the Sales Confirmation Motion, proposed order approving the Sales Confirmation Motion, and all exhibits, will be available for download at no cost to the Notice Parties. The Sales Process Notice shall also include the deadline for objections to the Sales Confirmation Motion, the deadline for responses to such objections, and the time, date and place of the hearing on the Sale Confirmation Motion.

c. Objections to the Sales Confirmation Motion shall be filed with the Court and served by electronic mail and overnight mail by **April 29, 2015** upon the following: (i) counsel for the Receiver; Bryan E. Minier, Pedersen & Houpt, 161 N. Clark, Suite 2700, Chicago, Illinois, 60613, bminier@pedersenhoupt.com; (ii) counsel for the Lender, John P. Sieger, Katten Muchin Rosenman, 525 W. Monroe, Chicago, Illinois, 60661, john.sieger@kattenlaw.com; (iii) counsel for the Subordinated Lender; Brian W. Hockett, Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri, 63101, bhockett@thompsoncoburn.com ; and (iv) counsel for the Proposed Purchaser, Randell D.Wallace and Dan Nelson, Lathrop & Gage LLP, 910 E. St. Louis, Suite 100, Springfield, Missouri 65806, rwallace@lathrop.com, dnelson@lathrop.com, and Pat Corless, Waterous Holden Amey Hitchon, PO Box 1510, 20 Wellington Street, Brantford, Ontario, N3T 5V6, pcorless@waterousholden.com.

d. Responses to any objections to the Sales Confirmation Motion are due by **April 30, 2015 at noon.**

e. A hearing on the Receiver's Sales Confirmation Motion shall be held on **May 1, 2015 at 10:00 a.m.**

6. This Order shall be in full force and effect as of the Effective Date and there is no just cause for delay.

Dated: April 21, 2015

_____
Sara L. Ellis
United States District Court Judge